Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
CARLITA SMITH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

| | |
|---|---|
| CARLITA SMITH, | ) |
| Plaintiff, | ) Case No.: **'16CV1441 LAB KSC** |
| v. | ) |
| STELLAR RECOVERY, INC., | ) **PLAINTIFF'S COMPLAINT** |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, CARLITA SMITH ("Plaintiff"), through her attorneys, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, STELLAR RECOVERY, INC. ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq. ("RFDCPA").

1

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367 and 15 U.S.C. §1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and 28 U.S.C. §1367 grants this court supplemental jurisdiction over the state claims contained within.

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

6. Plaintiff is a natural person residing in Spring Valley, San Diego County, California.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. §1692a(3).

8. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. §1692a(5) and Cal. Civ. Code § 1788.2(h).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. §1692a(6) and Cal. Civ. Code §1788.2(c).

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency located in Kalispell, Flathead County, Montana.

13. Defendant is a business entity engaged in the collection of debt within the State of California.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account

balances.

15. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

16. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

17. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

18. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

21. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

22. In or around October 2015, Defendant began placing collection calls to Plaintiff's home telephone number, ending in 1883, in an attempt to collect the alleged debt.

23. Defendant places calls to Plaintiff from 619-600-0310, which is one of Defendant's telephone numbers.

24. Defendant calls Plaintiff at an annoying and harassing rate, calling Plaintiff at least once every day.

25. On or about October 1, 2015, Plaintiff answered one of Defendant's collection calls and spoke with one of Defendant's collectors.

26. During the aforementioned conversation, Defendant asked to speak with Robert Storey.

27. During the aforementioned conversation, Plaintiff told Defendant that she was not the individual they were looking for.

28. During the aforementioned conversation, Plaintiff told Defendant to stop calling her.

29. Despite Plaintiff informing Defendant that they were calling the wrong person and her request to stop calling, Defendant continued to place repeated incessant collection calls to Plaintiff on her home telephone number.

30. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

31. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

32. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant continued to place collection calls to Plaintiff after Plaintiff informed Defendant it was calling the wrong person and requested that Defendant stop calling her; and

    b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant continued to place collection calls to Plaintiff after Plaintiff informed Defendant it was calling the wrong person and requested that Defendant stop calling her.

WHEREFORE, Plaintiff, CARLITA SMITH, respectfully requests judgment be entered against Defendant, STELLAR RECOVERY, INC., for the following:

33. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k;

34. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k; and

35. Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

36. Plaintiff repeats and re-alleges paragraphs 1-31 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

37. Defendant violated the RFDCPA based on the following:

   a. Defendant violated the §1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called when Defendant continued to place collection calls to Plaintiff after Plaintiff that Defendant stop calling her; and

   b. Defendant violated the §1788.11(e) by communicating by telephone with the debtor with such frequency as to be unreasonable and to constitute harassment to the debtor under the circumstances when Defendant continued to place collection calls to Plaintiff after Plaintiff told Defendant it was calling the wrong person and told Defendant to stop calling her; and

   c. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq. as detailed above in Count I.

WHEREFORE, Plaintiff, CARLITA SMITH, respectfully requests judgment be entered against Defendant, STELLAR RECOVERY, INC., for the following:

38. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b);

39. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

40. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  June 10, 2016                    AGRUSS LAW FIRM, LLC

By: /s/  Michael S. Agruss
    Michael S. Agruss
    Attorney for Plaintiff
    CARLITA SMITH